**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1171-20

FELICIA K. BINDLER,

      Plaintiff-Respondent,

v.

PAUL HIRA,

      Defendant-Appellant.

_____

> Submitted January 20, 2022 – Decided March 9, 2022
>
> Before Judges Haas and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DC-002070-20.
>
> Paul Hira, appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

      In this landlord-tenant dispute, defendant Paul Hira appeals pro se from a

November 16, 2020 judgment against him in the amount of $14,452 plus court

costs.  We affirm, substantially for the reasons set forth in Judge Daniel L. Weiss's oral opinion.  We add the following comments.

On July 21, 2009, the parties entered into a lease agreement for a three-story townhome.  The lease required plaintiff to pay a one-and-a-half-month security deposit of $3,375.  Further, the lease required her to "pay an additional [two months'] rent up front.  Will be applied to the end."  The lease did not specify where the security deposit was being maintained, and defendant never informed plaintiff of the location of the account.   On August 9, 2009, plaintiff paid the $3,375 security deposit and the $4,500 additional security, totaling $7,875.  She moved into the residence on August 10, 2009.

In August 2018, plaintiff was given a thirty-day notice to vacate so defendant could sell the property.  Plaintiff moved out and had a final walk-through inspection on September 15, 2018.  Plaintiff recorded the walk-through, which depicted defendant stating plaintiff had left the residence in good condition.  Plaintiff admitted she did not pay the $2,400 rent for September.

On September 29, 2018, defendant drafted a statement listing damages to the property which were allegedly discovered during an independent inspection conducted on September 20, 2018.  The statement listed damages including termite infestation, garage and laundry room damage, garage door and frame

2

damage, bathroom damage, and missing rear sliding doors. Defendant calculated damage repair costs of $4,973.19 and a back-rent balance of $4,530.65, less the cost of the security deposit with one percent interest of $2,353.71,[1] for a total balance owed of $7,150.13. Defendant's "calculations" came from home repair estimate websites such as fixr.com and homeadvisor.com. Defendant did not pay anyone to make the repairs.

On February 28, 2020, plaintiff filed a complaint alleging defendant failed to return the security deposit and sought $12,292 in damages. On April 20, 2020, defendant answered and counterclaimed for unpaid rent, repairs, and damages. On November 16, 2020, the parties appeared, both pro se, for trial.

After hearing the testimony and reviewing the documents submitted by the parties, the judge entered judgment in favor of plaintiff for $14,452 plus court costs. The judge found that

> [t]he testimony of the defendant is simply not credible. Not at all. It almost appeared to the [c]ourt as if this defendant was making up his testimony as it went along. And in addition, as if he was creating documents to be used as exhibits for the [c]ourt. There is absolutely no proof whatsoever . . . that the alleged email that he submitted in his exhibits was ever sent to the plaintiff. The [c]ourt believes the plaintiff that she never received any documents whatsoever from the defendant.

---

[1] In this statement, defendant lists the security deposit as $2,250.

Further, the judge reasoned that the evidence "makes it abundantly clear . . . that the plaintiff did not cause any of the damages." "In fact, [the evidence] shows all the issues being caused by either the defendant himself, or perhaps by the homeowner's association." The judge noted that none of the claimed items were even in plaintiff's control.

Regarding the security deposit, the judge stated, "there was an extreme amount that was from the inception of this agreement illegal." The judge found "plaintiff was never notified about where the funds were maintained. And these were never kept in a separate interest-bearing account, and she never received her [thirty]-day notice after her departure from the home." The judge awarded "damages of [$]7,875 times [two], which is [$]15,750," and added "the [seven] percent interest of $1,102.50" for a total of "$16,852.50 less the September rent unpaid of $2,400."

On appeal, defendant presents the following arguments for our consideration:

POINT I

TRIAL COURT ERRED IN GRANTING SUMMARY JUDG[]MENT TO PLAINTIFF BECAUSE PLAINTIFF FAILED TO PROVE THAT THE SECURITY DEPOSIT OF $3[,]375 AND THE $4[,]500 ([TWO] MONTHS ADVANCE PAYMENT OF RENT) WAS GIVEN ON THE SAME DAY[,]

4

AUGUST 9, 2009[,] AND WAS ONE TRANSACTION.

POINT II

TRIAL COURT ERRED IN APPLYING THE LAW ACCORDING TO SECURITY DEPOSIT LAW 46[:]8-21.1 RETURN OF DEPOSIT; DISPLACED TENANT; TERMINATION OF LEASE; CIVIL PENALTIES, CERTAIN.

POINT III

TRIAL COURT MADE AN ERROR IN THE FACTS OF THE CASE RESULTING IN KEY PIECE OF EVIDENCE NOT CONSIDERED BY THE COURT.

When reviewing a decision in a non-jury trial matter, we "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, SLA, 205 N.J. 150, 169 (2011) (internal quotations omitted). In reviewing the judge's findings, this court "do[es] not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, LLC v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (quoting State

v. Barone, 147 N.J. 599, 615 (1997)). This court owes no deference, however, to the judge's interpretation of the law and the legal consequences that flow from established facts. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Pursuant to N.J.S.A. 46:8-21.2, a security deposit cannot exceed one and a half times the amount of one month's rent. N.J.S.A. 46:8-19 requires that a security deposit must be placed in a separate account and the landlord must notify the tenant, in writing, of the name and address where the funds are being held within thirty days of the receipt of the security deposit. Furthermore,

> [i]f the person receiving a security deposit fails to invest or deposit the security money in the manner required under this section or to provide the notice or pay the interest to the tenant as required under this subsection, the tenant may give written notice to that person that such security money plus an amount representing interest at the rate of seven percent per annum be applied on account of rent payment or payments due or to become due from the tenant . . . .
>
> [N.J.S.A. 46:8-19(c).]

Finally, pursuant to N.J.S.A. 46:8-21.1,

> [i]n any action by a tenant . . . for the return of moneys due under this section, the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.

Guided by the well-established law, we conclude the judge's factual findings are supported by the record and his legal conclusions are unassailable. We therefore reject defendant's meritless arguments and affirm.

To the extent we have not specifically addressed defendant's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1171-20